IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TAYLOR ROSS JACOBS** ) | |
| **#130723,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:21-cv-00177 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| **DEPUTY BINES, et al.,** ) | |
| ) | |
| Defendants. | |

## ORDER

Taylor Jacobs, an inmate of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, has filed a pro se complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1). The matter is before the Court for a determination of Plaintiff's pauper status and initial review of the complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and 42 U.S.C. § 1997e.

### I. APPLICATION TO PROCEED AS A PAUPER

Under the PLRA, a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(a). On March 9, 2020, the Court denied the application to proceed in forma pauperis (IFP) Plaintiff submitted with his complaint, because he did not attach the certified trust account statement required by the PLRA. (Doc. No. 4.) The Court gave Plaintiff 30 days to submit a properly supported application or pay the filing fee. (*Id.*) In response to that Order, Plaintiff completed and submitted a second IFP application. (Doc. No. 6.) But he asserts, as he did in a note on his original application, that staff at the jail refuse to provide him with the necessary trust account information despite his repeated requests. (Doc. No. 2 at 3; Doc. No. 6-1.)

Under the circumstances and in light of Plaintiff's sworn statement that he is unable to pay the costs of this proceeding (Doc. No. 6), Plaintiff's IFP application is **GRANTED**. Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff must still pay the $350.00 civil filing fee in installments. The administrator of the facility in which Plaintiff is currently incarcerated, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the administrator of the facility in which Plaintiff is currently housed to ensure payment of the filing fee. If Plaintiff is transferred from his present place of confinement before the fee is paid in full, the custodian must ensure that a copy of this Order follows him to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203. The administrator should note the Court's concern about allegations that jail officials are refusing to provide inmates with the records federal law directs them to file in order to access the courts without payment. The administrator may wish to investigate those allegations to determine "whether Detention Center employees are abiding by the federal statutory filing requirements for prisoners." *Fauver v. Anderson*, No. 2:12-CV-112, 2012 WL 1565422, at *1

(E.D. Tenn. Apr. 30, 2012) (granting IFP without complete documentation and suggesting investigation by Sheriff).

## II. INITIAL REVIEW OF THE COMPLAINT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must review any complaint filed in forma pauperis and dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. For the reasons set forth in the accompanying Memorandum, the Court concludes that Plaintiff asserts claims that are frivolous and otherwise fails to state a claim for which relief can be granted, and this action is accordingly **DISMISSED**. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

This is the final Order denying all relief in this case. Accordingly, the Clerk is **DIRECTED** to enter judgment. *See* Fed. R. Civ. P. 58(b). Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE